[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CLARIFICATION
This Memorandum is written in response to the plaintiff's post-judgment motion to clarify and articulate. Each issue raised by the plaintiff is taken, in turn.
1. The effective date of the decision is January 25, 1999, the day it was filed. On a pendente lite basis, the plaintiff hadbeen paying the defendant alimony of $3,000 a month. Since thecourt did not order alimony as part of its final order, theplaintiff had no obligation to pay alimony subsequent to January25, 1999. In the event the plaintiff pre-payed alimony for themonth of January, he would be entitled to reimbursement from thedefendant, on a per diem basis, for the balance of the month. Hewould also be obligated to pay child support to the defendant inthe amount stated by the court for the remaining days in January.
2. The court made no order regarding reimbursement to theplaintiff for payments advanced for psychological evaluations.The purpose of a motion to articulate or clarify is not to modifythe court's orders.
3. The child support is not allocated between the children.While the order was not determined by the child supportguidelines, counsel will note that the guidelines provide for noallocation.
CT Page 10146
4. The court ordered that the defendant should be entitled toremain insured pursuant to the plaintiff's health care policypursuant to its terms, at her cost, after the judgment. Pursuantto the tenor of the court's decision, the defendant would beresponsible, on a pro rata basis, for the cost of coverage forthe period in January after the date of the decision.
5. The court made no order regarding a security depositpurportedly advanced by the plaintiff in 1997. To the extent theplaintiff's motion now seeks such an order, it is denied asuntimely.
Bishop, J.